**FILED**

November 24, 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ **NM** _____

DEPUTY

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

ORLANDO ALEXANDER
MARQUEZ-AMAYA,

§
§
§

Petitioner,

§
§

v.

§
§

NO. SA-25-CV-01503-OLG

BOBBY THOMPSON, Warden, South
Texas ICE Processing Center, *et al.*,

§
§
§

Respondents.

§

## ORDER`

Before the Court in this habeas case is Petitioner Orlando Marquez-Amaya's Motion for Temporary Restraining Order or, in the Alternative, for a Preliminary Injunction. (Dkt. No. 6.) In his Petition for Writ of Habeas Corpus, Petitioner contends that his "continued detention violates 8 U.S.C. § 1231(a)(6), as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001), because his removal is not reasonably foreseeable." (Dkt. No. 1 at 2.) Petitioner now asks the Court to order Respondents to temporarily release him, arguing that he is substantially likely to succeed on the merits of his *Zadvydas* claim. The Court cannot agree and, therefore, must deny the Motion.

"A TRO is simply a highly accelerated and temporary form of preliminary injunctive relief, which requires that the party seeking such relief establish the same four elements for obtaining a preliminary injunction." *Greer's Ranch Cafe v. Guzman*, 540 F. Supp. 3d 638, 644–45 (N.D. Tex. 2021) (citation modified). "The Court may issue a preliminary injunction if the movant establishes (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) the issuance of the preliminary injunction will not disserve the public interest." *Id.* at 645. Petitioner cannot meet the first element.

On January 30, 2023, Petitioner was granted withholding of removal to El Salvador, under the Convention Against Torture. (*See* Dkt. No. 1 at 1.) Withholding of removal to El Salvador, however, presents no obstacle to Petitioner's removal to any number of suitable third countries, including Mexico. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 531–32 (2021) ("Because withholding of removal is a form of country specific relief, nothing prevents DHS from removing the alien to a third country other than the country to which removal has been withheld.") (citation modified). In the Motion, Petitioner states that he is on the cusp of being removed to Mexico. (*See* Dkt. No. 6 at 3.) Accordingly, he has not demonstrated a substantial likelihood of success on the merits of his *Zadvydas* claim. *See Zadvydas*, 533 U.S. at 701 ("[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."). Based on his own assertions, there is, in fact, a significant likelihood that Petitioner will be removed to a suitable third country within the reasonably foreseeable future. (*See* Dkt. No. 6 at 3.)

Based on the foregoing, Petitioner's Motion (Dkt. No. 6) is **DENIED**. Petitioner's counsel shall advise the Court, on or before **December 1, 2025**, as to the status of Petitioner's removal to Mexico.

It is so **ORDERED**.

SIGNED this ____24____ day of November 2025.

ORLANDO L. GARCIA
United States District Judge