FILED
February 02, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ORLANDO ALEXANDER MARQUEZ-AMAYA, § § § | |
| Petitioner, § | |
| v. § | NO. SA-25-CV-01503-OLG |
| BOBBY THOMPSON, Warden, South Texas ICE Processing Center, *et al.*, § § § | |
| Respondents. § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Orlando Alexander Marquez-Amaya's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1). Respondents have responded (Dkt. No. 8). For the reasons below, the Petition must be denied.

## BACKGROUND

Petitioner is a citizen of El Salvador who entered the United States in 2013. (Dkt. No. 1 at 5; Dkt. No. 8-1 ¶ 5.) Shortly thereafter, he was issued a Notice to Appear—which charged him as being an alien without valid entry documents and, therefore, inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I)—and released on his own recognizance (Dkt. No. 8-1 ¶¶ 5–6).

On January 30, 2023, an immigration judge ordered Petitioner removed from the United States but granted him withholding of removal to El Salvador under the Convention Against Torture (CAT). (*See* Dkt. No. 1 at 1; Dkt. No. 8-1 ¶ 7.) Two years later, on January 25, 2025, Petitioner was issued an Order of Release on Supervision (OSUP). (Dkt. No. 8-1 ¶ 8.) He was taken into custody by ICE on October 21, 2025, during a routine check-in as required by his OSUP. (Dkt. No. 8-1 ¶ 4.) ICE revoked Petitioner's OSUP on November 19, 2025, "because it was

determined that he could be expeditiously removed from the United States pursuant to his outstanding removal order." (Dkt. No. 8-1 ¶ 12.)

Petitioner initiated these proceedings on November 17, 2025, seeking a writ of habeas corpus compelling his release. He brings a *Zadvydas* claim—contending that his detention is unlawful because there is no significant likelihood of removal in the reasonably foreseeable future, *see Zadvydas v. Davis*, 533 U.S. 678 (2001)—and a claim under the *Accardi* Doctrine—asserting that his right to due process was violated by Respondents' failure to comply with their own regulations governing revocation of OSUP and re-detention, *see, e.g., Francois v. Garland*, 120 F.4th 459, 465 (5th Cir. 2024).[1] (Dkt. No. 1 at 7–8.)

## DISCUSSION

### I. *Zadvydas*

"Once an alien is ordered removed, DHS must physically remove him from the United States within a 90-day 'removal period.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(1)(A)). During the 90-day removal period, detention is mandatory, *see id.* (citing 8 U.S.C. § 1231(a)(2)); however, "[u]pon expiration of the removal period, the Government may continue to detain certain aliens or release them under conditions of supervision," *Abuelhawa v. Noem*, --- F. Supp. 3d ---, 2025 WL 2937692, at *4 (S.D. Tex. Oct. 16, 2025) (citing 8 U.S.C. § 1231). Although the statute does not specify a time limit, post-removal detention may last only for "a period reasonably necessary to bring about the alien's removal," and that period "is presumptively six months." *Guzman Chavez*, 594 U.S. at 529 (quoting *Zadvydas*,

---

[1]Petitioner also purports to assert a claim under the Administrative Procedure Act, but because Petitioner did not pay the filing fee for non-habeas claims, his claim under the APA is not properly before the Court. *See Ndudzi v. Castro*, No. SA-20-CV-492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020) ("The payment of the $5 habeas filing fee relegates this action to habeas relief only. One cannot pay the minimal habeas fee and pursue non-habeas relief.").

2

533 U.S. at 689). After that point, release is required if "there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* (citation omitted).

In their response, Respondents contend Petitioner's *Zadvydas* claim is premature because "he has been detained less than six months." (Dkt. No. 8 at 3.) They are incorrect: nothing in *Zadvydas* precludes a challenge to detention before the presumptively reasonable six-month period has expired. *Villanueva v. Tate*, --- F. Supp. 3d ---, 2025 WL 2774610, at *9 (S.D. Tex. Sept. 26, 2025); *Puertas-Mendoza v. Bondi*, No. SA-25-CA-00890-XR, 2025 WL 3142089, at *2 (W.D. Tex. Oct. 22, 2025). "That said, a detained person who brings a *Zadvydas* claim before the presumptively reasonable . . . period has run will have a harder time establishing a right to relief." *Puertas-Mendoza*, 2025 WL 3142089, at *2. Because Petitioner's detention began in October 2025, the presumptively reasonable period has not expired; therefore, to prevail on his *Zadvydas* claim, Petitioner must prove that there is no significant likelihood of his removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701. Petitioner has not met this burden.

Petitioner is correct that because his removal to El Salvador is subject to CAT withholding, he may not be removed to his country of origin. (*See* Dkt. No. 1 at 6–7; Dkt. No. 8-1 ¶ 7.) But as the Court previously stated in its order denying Petitioner's request for a TRO (*see* Dkt. No. 7), withholding of removal to El Salvador presents no barrier to Petitioner's removal to a third country, such as Mexico. *See Guzman Chavez*, 594 U.S. at 531–32 ("[N]othing prevents DHS from removing the alien to a third country other than the country to which removal has been withheld.") (citation modified). Contrary to Petitioner's assertions, the only evidence in the record indicates that ICE sent a request to Mexico on November 19, 2025, less than two months ago, that remains pending. (Dkt. No. 8-1 ¶¶ 13–14.) Although the Court has recognized that, generally, "very few people subject to . . . CAT relief are removed from the United States." *Garcia-Aleman v.*

3

*Thompson*, No. SA-25-CV-886-OLG-HJB, 2025 WL 3534806, at *5 (W.D. Tex. Nov. 24, 2025) (quoting *Puertas-Mendoza*, 2025 WL 3142089, at *2) (alterations omitted)), *report and recommendation adopted*, No. SA-25-CV-00886-OLG, 2025 WL 3532179 (W.D. Tex. Dec. 9, 2025), that alone is not enough to find for Petitioner. Here, the ICE officer's declaration explains that there is a significant likelihood of Petitioner's removal—to Mexico, specifically—"based on the El Salvadorians, Third Country Removal to Mexico Program." (Dkt. No. 8-1 ¶ 15.)

Accordingly, the Court cannot find that Petitioner has proven no significant likelihood of his removal in the reasonably foreseeable future.[2]

## II.   *Accardi* Doctrine

"Failure to adhere to regulations can constitute a denial of due process of law." *Francois v. Garland*, 120 F.4th 459, 465 (5th Cir. 2024) (citation modified); *see United States ex re. Accardi v. Shaughnessy*, 347 U.S. 260 (1954) (holding that "[r]egulations with the force and effect of law supplement the bare bones" of federal statutes, and that, even in areas of expansive discretion, agencies must follow their own "existing valid regulations"). "The failure of an agency to follow its own regulations is not, however, a per se denial of due process unless the regulation is required by the constitution or a statute." *Arzanipour v. I.N.S.*, 866 F.2d 743, 746 (5th Cir. 1989). If a regulation is not required by the constitution or a statute, to state a due process violation, a petitioner must show "substantial prejudice," which "requires an alien to make a prima facie showing that the alleged violation affected the outcome of the proceedings." *Francois*, 120 F.4th at 466 (quoting *Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018)).

---

[2]The Court notes that, as the duration of confinement continues to grow, "what counts as the 'reasonably foreseeable future' ... would have to shrink." *Zadvydas*, 533 U.S. at 701. As such, if ICE is unable to secure Petitioner's removal post haste, Petitioner may again seek relief under *Zadvydas*.

Here, however, Petitioner does not identify a particular regulation in his pleading but, rather, alleges that ICE has violated its "own long-standing *policy*" of providing "prompt, individualized" custody determinations. (Dkt. No. 1 ¶ 6 (emphasis added); *see id.* ¶ 22 ("ICE has violated Petitioner's due process rights by denying him an individualized custody review to which he is entitled under ICE *policy*.") (emphasis added)). In response, Respondents cite ICE regulations requiring a post-order custody review at the conclusion of the 90-day removal period "to determine whether Petitioner should remain detained or . . . be released in the exercise of discretion under an Order of Supervision." (Dkt. No. 8 at 7 (citing 8 C.F.R. § 241.4)). In light of Petitioner's failure to identify a specific regulatory procedure he is entitled to but not receiving—or to provide any briefing as to this claim—the Court cannot find that Petitioner is entitled to relief on this basis. *See, e.g.*, *Lopez v. Ladwig*, No. 6:25-CV-01884, 2026 WL 19095, at *6 (W.D. La. Jan. 2, 2026) (finding for petitioner on *Accardi* claim where petitioner alleged violations of 8 C.F.R. § 212.5(b)(2) and ICE Directive 11032.4); *Pataraia v. Noem*, No. 1:25-CV-01188, 2025 WL 4051568, at *4 (W.D. La. Dec. 11, 2025) ("[Petitioner] does not establish that ICE's review was cursory or insufficient, or that it otherwise violated his due process rights through the custody review process such that he would be entitled to a release from detention."); *see also, e.g.*, *Gutierrez-Soto v. Sessions*, 317 F. Supp. 3d 917, 926 n.32 (W.D. Tex. 2018) ("ICE applied its internal policy. Thus, Petitioners' . . . Due Process claim, can be best characterized as challenging the wisdom of the Attorney General's discretionary decision. That sort of claim falls outside the bounds of the *Accardi* Doctrine."); *Kossie v. Crain*, 602 F. Supp. 2d 786, 791 (S.D. Tex. 2009) ("[P]etitioner asserts no procedural defect; rather, he quarrels with the substance of defendants' policy.").

## CONCLUSION

Based on the foregoing, Petitioner's Orlando Alexander Marquez-Amaya's Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DENIED WITHOUT PREJUDICE**.

Petitioner's non-habeas claim is **DISMISSED WITHOUT PREJUDICE**.

This case is **CLOSED**.

It is so **ORDERED**.

**SIGNED** on February _____, 2026.

_____
ORLANDO L. GARCIA
United States District Judge